**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

INDEPENDENT SERVICE PROVIDER,
LLC,

        Plaintiff,

v.                                       Case No: 6:21-cv-562-WWB-DCI

ANTJUAN LEE CAIN, JAMAR MIKELL
and DELVIS L STALLWORTH,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Amended and Corrected Motion to Remand (Doc. 21) and Defendants' Opposition (Doc. 26) thereto. For the reasons set forth herein, Plaintiff's Motion will be granted.

## I.   BACKGROUND

Plaintiff, Independent Service Provider, LLC, is a logistics company that employs independent contractor drivers such as Defendants. (Doc. 1-1 at 2). Plaintiff alleges that Defendants entered into independent contractor agreements with it containing confidentiality and non-solicitation clauses providing, among other terms, that Plaintiff is entitled to immediate injunctive relief for breaches of the agreements. (*Id.*). Defendants allegedly breached their contracts by failing to provide sufficient notice to terminate their relationship with Plaintiff and beginning to work for Plaintiff's competitor. (*Id.*). Additionally, Plaintiff alleges that Defendants are sharing Plaintiff's confidential information with its competitors. (*Id.*).

As a result, Plaintiff filed a two-count Complaint (Doc. 1-1) in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, alleging a claim for breach of contract and seeking "a Temporary Mandatory Injunction to Enjoin the drivers from breaching the non-solicitation and noncompete portion of the agreement (stop driving) without Prior Court Approval[.]" (*Id.* at 3–5). Defendants removed the case to this Court alleging that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Federal Aviation Administration Authorization Act ("**FAAAA**"), 49 U.S.C. § 14501 *et seq.*, preempts Plaintiff's request for injunctive relief. (Doc. 1, ¶¶ 5–7).

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction where the complaint alleges claims "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "[C]omplete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Id*. "[T]he removing party bears the burden of demonstrating complete preemption and, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand." *Lee Mem'l*

*Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1310 (M.D. Fla. 2017) (quotation omitted).

## III.  DISCUSSION

Defendants argue that the FAAAA completely preempts Plaintiff's claims because, by seeking to enjoin Defendants from driving, Plaintiff is attempting to regulate the services offered by Defendants as motor carriers, as well as their routes. Plaintiff argues a federal question is not presented within the four corners of the Complaint and that the FAAAA does not completely preempt its claims, including its request for injunctive relief because the parties agreed to such relief.

The FAAAA provides, in relevant part, that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Defendants point to this provision of the FAAAA in support of their argument that the FAAAA preempts Plaintiff's requested injunctive relief and creates federal question jurisdiction. Defendants appear to confuse ordinary preemption with complete preemption. Specifically, in seeking to establish jurisdiction in this Court by means of *complete* preemption, Defendants raise an *ordinary* preemption defense, arguing that Plaintiff's requested equitable relief is preempted by the FAAAA because it would constitute an enlargement or enhancement of the parties' bargain.

Defendants' ordinary preemption defense cannot provide the grounds for removal. "'[O]rdinary preemption' . . . is raised as a defense based on the preemptive effect of a federal statute [and] will not provide a basis for removal." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 n.8 (11th Cir. 2004); *see also Blab T.V. of Mobile, Inc. v.*

*Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) ("The presence of a federal defense does not make the case removable, even if the defense is preemption and even if the validity of the preemption defense is the only issue to be resolved in the case."). The cases upon which Defendants rely concerning ordinary preemption, therefore, do not provide support for complete preemption. *See, e.g.*, *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260–66 (2013); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 226–27 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383–91 (1992); *Barber Auto Sales, Inc. v. United Parcel Servs., Inc.*, 494 F. Supp. 2d 1290, 1292–94 (N.D. Ala. 2007); *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 672–673 (N.D. Ga. 1997).

Likewise, Defendants have not established that the FAAAA provides complete preemption. For a federal statute to trigger the doctrine of complete preemption, "Congress [must have] so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). In other words, "[c]omplete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law. *Dunlap*, 381 F.3d at 1290. Notably, "the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq.*" *Id.* at 1291.

Defendants' reliance on *Luccio v. UPS, Co.*, No. 9:16-CV-81703-RLR, 2017 WL 412126 (S.D. Fla. Jan. 31, 2017), for the proposition that the FAAAA completely preempts

Plaintiff's requested injunctive relief is misplaced. Although the *Luccio* court found that the plaintiff's negligence claim was preempted by the FAAAA and exercised jurisdiction in that case, *id.* at *2, this Court does not find *Luccio* to be persuasive because it is not apparent that the court considered the distinction between ordinary and complete preemption. *See Asphalt Contractors Inc. v. R&J Transp., Inc.*, No. 21-C-0077, 2021 WL 1250153, at *5 (E.D. Wis. Apr. 5, 2021) ("Although the *Luccio* court might have been correct in its determination that the FAAAA preempted the plaintiff's negligence claim, the court erred when it concluded that such preemption was sufficient to confer federal jurisdiction."). Thus, to the extent that *Luccio* stands for the proposition that the FAAAA provides complete preemption, this Court declines to follow its holding. Accordingly, Defendants have failed to carry their burden of establishing that this Court has jurisdiction, and this case will be remanded. *See C Pepper Logistics LLC v. Hernandez*, No. 6:21-cv-561-CEM-DCI, 2021 WL 2792117, at *3–4 (M.D. Fla. May 28, 2021); *Indep. Serv. Provider, LLC v. Aponte*, No. 6:21-cv-558-GAP-GJK, 2021 WL 2828323, at *1–2 (M.D. Fla. May 24, 2021); *Indep. Serv. Provider, LLC v. Kelley*, No. 8:21-cv-748-CEH-AEP, 2021 WL 1890707, at *2 (M.D. Fla. May 11, 2021).

## IV.   CONCLUSION

For the reasons set forth above, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Amended and Corrected Motion to Remand (Doc. 21) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case Number 2021-CA-000568.

3.  The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on October 26, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record
Clerk of the Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida